UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANCROFT LIFE & CASUALTY ICC, LTD., | )<br>)<br>) |
| Plaintiff, | )  3:11-cv-00214-LRH-RAM<br>) |
| v. | )  ORDER<br>) |
| FFD RESOURCES IV, LLC, | )<br>) |
| Defendant. | ) |

Before the court is Defendant FFD Resources IV, LLC's ("FFD") Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer to a More Convenient Venue (#5[1]). Plaintiff Bancroft Life & Casualty ICC, Ltd. ("Bancroft") has filed an opposition (#9), to which FFD replied (#11).

**I.   Facts and Procedural History**

This action arises from Defendant FFD's alleged default on a $1,456,000 promissory note executed in January 2008. Doc. #1, ¶ 1. Plaintiff Bancroft is a citizen of, and has its principal place of business in, St. Lucia, West Indies. *Id.* at ¶ 2. According to the complaint, and as stated in the promissory note attached to the complaint, FFD is a Nevada limited liability company with its "principal offices" in Carson City, Nevada. *Id.* at ¶ 3 & Exh. A. Bancroft's complaint asserts that

---

[1]Refers to court's docket entry number.

1  diversity jurisdiction exists under 28 U.S.C. § 1332(a)(2) as a suit between a U.S. citizen and a
2  citizen or subject of a foreign state, the court has personal jurisdiction over FFD as a Nevada
3  corporation, and venue is proper in the District of Nevada under 28 U.S.C. § 1391(a)(1) as the
4  judicial district wherein the only defendant resides.  *Id.* ¶¶ 4-6.
5       On April 15, 2011, FFD filed the instant motion to dismiss for improper venue under Fed.
6  R. Civ. P. 12(b)(3), or alternatively to transfer venue to the Southern District of Texas under 28
7  U.S.C. § 1404(a).  Doc. #5.  FFD admits it is incorporated in Nevada but denies it has any other
8  presence in or contacts with Nevada.  Doc. #5-2, ¶ 2.  FFD submits by affidavit that it has no
9  Nevada business license, nor any members, employees, or offices present in Nevada.  *Id.* ¶¶ 2-3.
10 Instead, FFD submits that it operates under a Delaware lending license, has home offices and
11 personnel in Delaware, and makes all of its loans from Delaware.  *Id.* ¶¶ 3-4.  FFD submits that in
12 this case the solicitation, negotiation and execution of the loan from Bancroft to FFD were
13 conducted at the offices of Bancroft's representative in Houston, Texas.  *Id.* ¶¶ 5-6.  FFD further
14 submits that all witnesses and possible co-plaintiffs are located in Texas, with no witnesses or other
15 relevant parties located in Nevada, *id.* ¶ 7; all evidence and relevant documents are located either at
16 the offices of Bancroft's representative in Texas or in Bancroft's U.S. offices in Pennsylvania, with
17 none in Nevada, *id.* ¶ 10; and that the loan documents contain a choice of law clause calling for
18 application of Texas law, *id.* ¶ 11.
19       Bancroft opposes the motion to dismiss or transfer venue to Texas and, in the alternative,
20 argues that if transfer were required, Delaware would be the more convenient forum.  Doc. #9.
21 **II.  Discussion**
22       **A.  Improper Venue**
23       Where, as here, subject matter jurisdiction is founded only on diversity of citizenship, venue
24 is proper in, among other places, "the judicial district where any defendant resides, if all defendants
25 reside in the same State."  28 U.S.C. § 1391(a)(1).  With the exception of states with multiple
26 judicial districts (not applicable here), "a defendant that is a corporation shall be deemed to reside

in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Id.* § 1391(c). Here, FFD is the sole defendant and is incorporated in Nevada, which has only one federal district. Thus, FFD is deemed to reside in the District of Nevada, and venue is proper in this court. *Id.* § 1391(a), (c); *see also* 28 U.S.C. § 1332(c)(1) (providing that for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

The court rejects FFD's assertion that incorporation in Nevada is insufficient to establish residency or personal jurisdiction for purposes of § 1391(a) and (c). The case FFD predominantly relies on, *Western Showcase Homes, Inc. v. Fuqua Homes, Inc.*, 2010 WL 1838364 (D. Nev. 2010) (Jones, J.), is directly to the contrary. There, this court looked to a corporate defendant's activities in Nevada to determine specific jurisdiction only because the defendant was incorporated and had its principal place of business elsewhere—in Delaware and Texas, respectively. *Id.* at *3. As to those states, however, this court noted that the defendant was subject to "general jurisdiction," the defendant was a resident of either state for diversity purposes under § 1332(c)(1), and that "residency for the purposes of venue is defined even more broadly than is residency for the purposes of diversity of citizenship." *Id.*

The court also rejects FFD's invocation and selective quotation of the second sentence of § 1391(c) for the provision that "the corporation shall be deemed to reside in the district within which it has the most significant contacts," as if to require analysis of FFD's physical presence or activities in Nevada. FFD ignores the sentence's introductory clause, which plainly limits application of the provision to cases brought "[i]n a State which has more than one judicial district." *Id.* Nevada does not qualify. *See* 28 U.S.C. § 108.

Because FFD is incorporated in Nevada, venue is proper in this district under § 1391(a)(1). FFD's motion to dismiss or transfer based on improper venue is therefore denied.

**B. Transfer Venue**

FFD alternatively moves to transfer venue to the Southern District of Texas as a more

convenient venue. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). A list of non-exclusive factors that may be considered in determining whether transfer is appropriate includes: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

  The court finds that FFD as the moving party has failed to carry its burden to warrant a transfer of venue. To begin, FFD has done little to establish the statutory prerequisite that Bancroft might have initially brought the action against FFD in the Southern District of Texas. *See* 28 U.S.C. § 1404(a). FFD's asserts that the loan was solicited, negotiated and executed at the offices of Bancroft's representative in Houston, Texas, and that Bancroft's representative made material misrepresentations in the course of the transaction. This action was not brought against Bancroft or its representative, however. It was brought by Bancroft against FFD, a Nevada limited liability company, whose operations are in Delaware (and Nevada, according to the promissory note) and whose activities in Texas were limited to executing the underlying a promissory note to Bancroft, a foreign entity with U.S. offices in Pennsylvania.

  Furthermore, even assuming the Southern District of Texas were a possible alternate venue, FFD has failed to make the requisite " strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal*, 805 F.2d at 843. The fact that the loan was solicited, negotiated and executed in Texas, the choice of law clause in the promissory note, and the presence

4

of certain witnesses in Texas (i.e., Bancroft's representative and related employees), weigh in FFD's favor.  Nonetheless, considering the subject matter of the action and the parties' geographical diversity and limited contacts with Texas, such factors are not sufficiently weighty or compelling to warrant a transfer of venue to Texas.  Nor has FFD adequately shown that litigation in Nevada would be so inconvenient as to require a transfer to another forum.  While FFD asserts that the court would be unable to compel the testimony of certain witnesses at Bancroft's representative's office in Texas, FFD fails to establish that such witnesses would be unwilling to appear or that their testimony would be relevant and necessary.  Moreover, while FFD disclaims any connection with Nevada aside from being incorporated in the state, it makes no attempt to explain the contradiction with the promissory note, which plainly states that FFD is "a Nevada limited liability with its principal offices at . . . Carson City, Nevada." Doc. #1, Exh. A.

Given that representation by FFD, Bancroft naturally filed suit on the promissory note in Nevada.  Absent strong showing of inconvenience, Bancroft's choice of forum is to be respected.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer to a More Convenient Venue (#5) is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE